Steven M. Wells
Steven M. Wells, P.C.
431 W. 7th Ave.
Ste. 107
Anchorage, AK  99501
(907)279-3557
(907)279-3558 fax
steve@alaskalegaldefense.com

Attorney for Defendant

# UNITED STATES DISTRICT COURT
## DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>PLAINTIFF,<br><br>v.<br><br>DONTEH DEVOE,<br><br>DEFENDANT. | Case No. 3:20-cr-042-SLG<br><br><br>SENTENCING MEMORANDUM |

Donteh Devoe, accused, hereby files this memorandum to aid in the imposition of sentence currently scheduled for March 25, 2025. Mr. Devoe recommends a sentence of one hundred eighty (180) months followed by fifteen (15) years of supervision concurrent with time spent as ordered in *State of Alaska v. Donteh Devoe*, 3AN-20-01326CR. Mr. Devoe recognizes this is a substantial departure from the recommendations of the pre-

sentence report writer. However, while courts must apply the categorical approach when determining how to consider a prior conviction,[1] 18 U.S.C. §3553(a) requires a court to examine the "nature and circumstances of the offense." And the nature and circumstances of this case show there are numerous reasons for a sentence less than recommended by the pre-sentence report writer.

### 1. GUIDELINE ANALYSIS

After extensive research, Mr. Devoe does not have a legal basis to object to the Guideline calculation in the pre-sentence report. For reasons listed below, though, the enhancements in this case greatly distort what actually occurred in this case and lead to a guideline level that is wildly inappropriate for the conduct at issue.

### 2. OBJECTIONS TO PRE-SENTENCE REPORT

Mr. Devoe has no substantive objections to the pre-sentence report. The report, though, makes a telling legal error in its analysis of a sentencing enhancement.

Paragraph 33 adds an enhancement under USSG 4B1.5. In so doing, paragraph 33 states "[i]n this case, the defendant engaged in a pattern of sexual activity with A.R., on more than on occasion, and produced child sexual abuse material, utilizing A.R.; therefore,

---

[1] See *Taylor v. U.S.,* 594 U.S. 575 (1990). When determining whether a prior conviction should count as a predicate for sentencing purposes, courts are to examine the elements of the crimes rather than the factual circumstances of the crimes. "This approach disregards the facts, or 'means,' of a prior conviction and focuses upon the elements of the crimes at issue. ... Only if the elements of the prior offense are the same as, or narrower than, the elements of the listed offense, does the prior offense qualify as the listed offense." *U.S. v. Church*, 461 F.Supp.3d 875, 882 (S.D. Iowa, 2024).

the defendant is a repeat and dangerous sex offender against minors." This statement is partially erroneous.

It is erroneous because Mr. Devoe's sexual activity with A.R. is not part of the "pattern of activity involving prohibited sexual conduct" under either USSG or federal statutes. That phrase is defined in Application note 4(A), which defines "prohibited sexual conduct" to mean any of the following:

(i) Any offense described in 18 U.S.C. §2426(b)(1)(A) or (B);

(ii) Production of child pornography; or

(iii) Trafficking in child pornography only if, prior to the commission of the instant offense of conviction, the defendant sustained a felony conviction for that trafficking in child pornography.

Mr. Devoe admits that his conduct constitutes production of child pornography and that it occurred on two occasions. But he did not traffic in child pornography, nor did he commit any offense listed in 18 U.S.C. §2426(b)(1)(A) or (B). That subsection lists offenses defined in Chapter 117, Chapter 109A, Chapter 110, or Section 1591 of Title 18 of the United States Code or a State offense that occurred within the maritime or territorial jurisdiction of the United States.

Chapter 117 lists several offenses related to transportation of minors or coercion of minors for sex trafficking or prostitution. There is no evidence that anything like that occurred in this case.

Chapter 110 addresses crimes related to child pornography, including production of child pornography. Mr. Devoe has admitted producing child pornography when he pled guilty in violation of 18 U.S.C. 2251(a), although application Note 4(A)(ii) specifically addresses production of child pornography as a separate matter.

Section 1591 refers to child sex trafficking via coercion, which also did not happen here.

Chapter 109A includes references to sexual assault by force or fraud or coercion and this case does not involve any crime in chapter 109A. Chapter 109A does include Section 2243, which prohibits sexual abuse of a minor. That statute, though, criminalizes sexual acts with persons who are under the age of sixteen. That would not include this situation because A.R. was sixteen or older when these events occurred.

Mr. Devoe's conviction for sexual abuse of a minor in the second degree under Alaska statutes is based not upon A.R.'s age so much as her status as his biological daughter. 18 U.S.C. §2426, though, does not describe incest as being "prohibited sexual conduct" that would justify the application of 4B1.5.

Those guideline levels were added in the final PSR based upon the objection of the government, so Mr. Devoe did not have the opportunity to object to them. And Mr. Devoe did encourage A.R. to send him pornographic photographs and videos on two separate occasions as described below so USSG 4B1.5 does admittedly apply, although "just barely" for reasons discussed below.

But Mr. Devoe's sexual activities with A.R. were not illegal under federal law and they should not be used to justify the enhancement under USSG 4B1.5. The second sentence of paragraph 33 should be amended to read: "On more than one occasion, Mr. Devoe produced child sexual abuse material using A.R. This enhancement thus applies."

If Mr. Devoe agrees that the enhancement applies, why does Mr. Devoe then make this observation? Because there are two aspects to this case, the sexual conduct and the video production. The sexual conduct at issue here does not violate federal law because federal law does not prohibit incest and A.R. was over sixteen. Put another way, if Mr. Devoe had not told A.R. to photograph herself as he did, he would not have committed any federal offense. This court should fashion its sentence based upon Mr. Devoe's federal criminal conduct and not based upon conduct that is not prohibited by United States statutes.

### 3. 3553(A) Factors

18 U.S.C. §3553(a) requires this court to impose a sentence that is sufficient but not greater than necessary. To understand what sentence is sufficient but not greater than necessary requires understanding what happened in this case.

Several years ago, Mr. Devoe had a one-time sexual encounter that resulted in a pregnancy. A.R. came from that pregnancy. Mr. Devoe was not involved in A.R.'s life until after she turned sixteen. At that time, A.R.'s mother sent her to live with Mr. Devoe. Living in close proximity, their relationship developed into a sexual relationship. The sexual

aspect of their relationship was consensual. That may not matter as far as Alaska statutes are concerned but the sexual aspects of the relationship are only prohibited by federal law if it was non-consensual. And all of the evidence in this case, as noted in the pre-sentence report, shows that at the time this happened, the sexual relationship was consensual.

During that relationship, Mr. Devoe on two separate occasions engaged in sexually explicit discussions and requested A.R. send him sexually explicit photographs and she complied.

A.R. ultimately confided in a friend about what was happening. The friend contacted Anchorage police who began investigating the matter. Mr. Devoe was arrested for sexual abuse of a minor in the first degree in Alaska state court in case 3AN-20-01326CR. The chats and images were found as part of the investigation. Mr. Devoe was charged in U.S. District Court, District of Alaska, in this case.

With that backdrop, there are several significant factors under §3553(a) for this court to consider.

### 3.1 Mr. Devoe's Actions Are Not In the Heartland of Cases Involving Manufacturing Child Sexual Exploitation Materials

Mandatory minimum punishments for production of child pornography are understandably harsh. But the government has admitted in other contexts that "[t]he guidelines for production of child pornography generally contemplate circumstances

where the defendant makes a practice of producing child pornography for widespread distribution, typically involving multiple victims."[2]

That is not what happened here. In this case, Mr. Devoe directed A.R. to produce these photographs during intimate text conversations in a sexual relationship. He did not publish them. He did not disseminate them. He did not use them to trade for other images. Further, A.R. was not an infant when this happened. She was not pre-pubescent.

Furthermore, as noted above, these images came out of a relationship that would be legal under federal law. This case in many ways mirrors *U.S. v. Laursen*.[3] In *Laursen*, J.B. called local police (she was in Washington state) to report sexual abuse. J.B. was sixteen years old and the report did not involve her. During the investigation, law enforcement found sexually explicit photographs of J.B. on a computer. Law enforcement learned that J.B. was in a relationship with Michael Laursen, who was in his mid 40s. J.B. and Laursen had taken photographs and videos of the two of them engaging in various sexual activities. Laursen was prosecuted for producing child pornography.

Laursen argued that because the age of consent is sixteen in the State of Washington, the federal law prohibiting production of child pornography should not apply to him. He proceeded to a bench trial and was convicted. The Ninth Circuit upheld the conviction and his fifteen-year sentence. Indeed, the government argued for a fifteen-year sentence even after a bench trial.

---

[2] Government Sentencing Memo, *United States of America v. Laursen*, W.D.Wa, 3:13-cr-5634-RJB, Docket 81 at p. 6, attached hereto as Exhibit 'A'.
[3] 847 F.3d 1026 (9th Cir. 2017).

*United States v. Devoe*
Case No. 3:20-cr-042-SLG
Sentencing Memorandum
Page 7 of 20

The government argued for a fifteen-year sentence even after acknowledging that the sentence was aggravated by several factors. Laursen encouraged J.B. to abuse drugs. He went further though and removed J.B. from treatment. Twice. And he encouraged her to lie to law enforcement about their relationship. Further, he had an extensive criminal history, including crimes of violence and fraud and drugs.

Despite that, the government recommended a sentence of fifteen years. Why? Because the government admitted that "[w]hile there is no question that defendant's conduct in this case fits within the production statute, it does not appear that defendant's conduct was a larger pattern of child pornography production, and is therefore distinguishable from typical child pornography cases."[4]

All those factors apply equally in this case. There is only one guideline enhancement that would apply to Mr. Devoe that would not have applied in *Laursen*, which is the enhancement under USSG 2G2.1(b)(5), which adds two levels "[i]f the defendant was a parent, relative, or legal guardian of the minor involved in the offense …. increase by two levels." Otherwise, the guideline calculus would be the same.

Further, based upon publicly available documents,[5] it appears Mr. Laursen was deemed a Guideline category VI. Yet he received a fifteen-year sentence, a sentence that was undisturbed on appeal in large part because the offense was not what was typically

---

[4] *Laursen* Government sentencing memo, *supra* note 2, at p. 6.
[5] Pre-sentence reports and sealed statements of reason are confidential. Mr. Devoe can only make reasonable estimates of what guideline enhancements were ultimately accepted.

*United States v. Devoe*
Case No. 3:20-cr-042-SLG
Sentencing Memorandum
Page 8 of 20

envisioned by this statutory section. This sentence fits with a pattern of upholding sentences below the Guidelines when the conduct is outside the heartland of the offense.[6]

### 3.2 Mr. Devoe Does Not Fit the Profile of a Pedophile

This dovetails with the point above, but the reality is that Mr. Devoe does not fit the profile of a pedophile. A.R. at the time was over sixteen. She was clearly post-pubescent. There is no evidence in this case or any of Mr. Devoe's history that he intentionally preyed upon pre-pubescent children. Instead, this instance arose out of a mutual relationship that developed when A.R. was re-introduced into Mr. Devoe's life. The Ninth Circuit has approved a below guideline sentence when the defendant did not fit the profile of a pedophile.[7] Other courts have acknowledged the tension between technology, biology, and the U.S. Sentencing Guidelines, highlighting conduct very similar to this case.[8]

In 2014, the District Court in Northern Alabama sentenced a man to sixty months of probation for possessing images of his girlfriend that resulted from a sexting conversation.[9] That court noted that sending nude images is extremely common. Citing data from 2008, the court notes that significant numbers of teens send nude images of themselves,

---

[6] For example, compare *U.S. v. Parish,* 308 F.3d 1025 (9th Cir. 2002)(pre-*Booker* case granting eight level downward departure for possession of photographs because offense conduct was outside of much more serious heartland of offense) with *U.S. v. Thompson*, 315 F.3d 1071 (9th Cir. 2002)(denying downward departure when conduct was within the heartland of conduct anticipated by statute). See also *U.S. v. Rita*, 551 U.S. 338 (2008)(finding departures are justified if the offense or offender are atypical and not within the heartland of anticipated offense conduct).

[7] See *U.S. v. Autrey*, 555 F.3d 864 (9th Cir. 2009).

[8] *U.S. v. Nash*, 1 F.Supp. 3d 1240 (N.D. Al. 2014).

[9] *Id.*

United States v. Devoe
Case No. 3:20-cr-042-SLG
Sentencing Memorandum
Page 9 of 20

although the data was conflicting at that time as to just what percentage of teens did so and the court acknowledged that the data could be inaccurate since it largely relied upon self-reporting.

While the defendant in *Nash* was in his early twenties and some other mitigating factors from *Nash* do not apply to Mr. Devoe, the court's comments about the offense conduct in *Nash* absolutely apply in this case:

> The court also takes into account the number and type of images that were on Mr. Nash's cell phone. The four pictures, as despicable as they were, were not photographs of a prepubescent minor, were not masochistic, were not torture or bondage, and were not the totally-beyond-human-consideration photographs that are present in so many cases involving child pornography. No evidence exists that Mr. Nash shared these images with others—they were not uploaded on any file sharing device to be disseminated across the country and did not appear on his computer, only on his cell phone where E.L. had sent them by text. These four images were the only child pornography found on his phone or his computer. The court does not minimize the wrongness of Mr. Nash's conduct, but notes that it is not as horrific as the conduct that the court must frequently address in the most common kinds of child pornography cases.[10]

Mr. Devoe acknowledges that he has pled to a case that requires a fifteen-year mandatory minimum sentence. But the same factors that justify a probationary sentence for Mr. Nash, factors that show that Mr. Nash is not a pedophile, justify the fifteen year minimum for Mr. Devoe.

---

[10] *Id.* at 1246.

United States v. Devoe
Case No. 3:20-cr-042-SLG
Sentencing Memorandum
Page 10 of 20

By contrast, when defendants engage in behavior that are consistent with the profile of a pedophile, courts do not uphold more lenient sentences. In *United States v. Morace*,[11] the Fourth Circuit rejected a probationary sentence for a defendant convicted of possession of child pornography because that defendant had engaged in conduct that did fit the profile of a pedophile. The Fourth Circuit specifically found that the considerations justifying the probationary sentence in *Autrey* did not apply.

In this situation, though, the conditions that justify a probationary sentence in *Autry* and a mandatory minimum sentence in *Laursen* apply and this court should fashion Mr. Devoe's sentence accordingly.

### 3.3 The 4B1.5 Sentencing Enhancement Should Be Given No Weight

In response to an objection from the government, the final pre-sentence report added five guideline levels based upon Mr. Devoe being a repeat offender because he met the statutory definition of "a pattern of activity involving prohibited sexual conduct." Mr. Devoe above showed why under 4B1.5 that prohibited sexual conduct was the production of photographs and videos, not the sexual conduct itself.

A review of the offense conduct in the pre-sentence report notes that this conduct occurred on two occasions, from September 30 to 0ctober 1, 2019, and from November 10 to November 11, 2019. Why is this significant? Because they were two conversations that followed from one day into the next. Application Note 4(b)(i) states that for that purpose,

---

[11] 594 F.3d 340 (4th Cir. 2010).
*United States v. Devoe*
Case No. 3:20-cr-042-SLG
Sentencing Memorandum
Page 11 of 20

"the defendant engaged in a pattern of activity involving prohibited sexual conduct if on at least two separate occasions, the defendant engaged in prohibited sexual conduct with a minor."

"Two separate occasions" is not further defined and Mr. Devoe admits that there were two conversations in which he told A.R. to send him sexually explicit photographs. Mr. Devoe would urge this court to find that the conversation was the occasion. On one occasion, the conversation started on September 30 and continued to October 1 while on the other occasion, the conversation started on November 10 and continued to November 11.

The investigation started in January, 2020, and the images were found from these two conversations. Why is this significant? The two conversations were separated by a month and there were roughly two months between the last conversation and discovery by law enforcement. Mr. Devoe was not constantly pushing and demanding that A.R. send him videos. Certainly he was not consuming images of child sexual exploitation with the typical voracity seen in these cases.

Further, while the two separate instances are enough to satisfy the enhancement, the images totaled fewer than twenty still images and one video of A.R and based upon a review of evidence seized and descriptions of the photographs from the pre-sentence report, not every photograph would be considered child sexual exploitation material.

For example, Image 0656 is described as depicting A.R. "lying down on her back, on gray sheets, and taking a photo of herself wearing only purple lace panties and exposing

part of her breasts."[12] It is not clear from that description just how much of A.R.'s breasts were exposed or whether that photo would even count as child pornography under 18 U.S.C. §2256, which defines "sexually explicit conduct" as including: sexual intercourse, bestiality, masturbation, sadistic or masochistic abuse, or lascivious exhibition of the anus, genitals, or pubic area of any person."

The sexual aspect of Mr. Devoe's relationship with A.R. lasted a few months and yet these two conversations were the only ones to produce images. Mr. Devoe admits that these conversations and the resulting images did result from two separate occasions/conversations but this is not like so many cases seen by this court in which a defendant produces hundreds or thousands of images over many months or years and on multiple occasions. So while the enhancement does apply, it should be given no weight. Indeed, it was not even included in the initial pre-sentence report because it is not immediately obvious that it applies.

Without those five levels, Mr. Devoe's guideline calculation would result in a guideline level of 33 and a criminal history category IV and a sentencing range of 188 – 235 months, which is just above the mandatory minimum Mr. Devoe is recommending.

3.4 The State of Alaska Has Sentenced Mr. Devoe for the Sexual Conduct

---

[12] Docket 140, ¶ 20.
*United States v. Devoe*
Case No. 3:20-cr-042-SLG
Sentencing Memorandum
Page 13 of 20

In addition to any time Mr. Devoe will serve for this offense, he will also have to serve up to twenty-five years for his state conviction.[13] Alaska sentencing statutes allow for a defendant to receive time off for "good time," known more formally as parole.[14] The "good-time" discount for mandatory parole reduces active prison time by up to one-third. Mr. Devoe could thus be eligible for release after serving over seventeen years.

Mr. Devoe has established above that the sexual conduct in this case is not illegal under federal law. Rather, it is the photography and video recording that is illegal under federal law. So why should this court punish Mr. Devoe beyond what the State court did when the conduct punished by the State is not a crime under federal law?

Mr. Devoe's reasoning is this: The parties have agreed to recommend that Mr. Devoe's sentence run concurrent with the State case. There will come a time when Mr. Devoe will have an opportunity to seek parole from Alaska state custody. The parole board will make its determination based upon a variety of factors: Mr. Devoe's offense; his conduct while in custody; his own health; the position of the accuser, if known, and the policies of the State of Alaska. If this court imposes a sentence as anticipated by the pre-sentence report, Mr. Devoe would be ineligible for release no matter what the State decides. Let the State determine if those factors weigh in favor of Mr. Devoe's release based upon conduct and events in the future that the parties here have no way of predicting.

---

[13] Docket 140, p. 2, ¶ 4.
[14] See AS 33.16.010(a)(a prisoner serving more than two (2) years is eligible for mandatory parole).

Federal law demands punishment for Mr. Devoe's photography and videography. As Mr. Devoe has shown, on the scale of production of child pornography offenses, Mr. Devoe's conduct is among the least serious that has come before this court based upon the number of images, the age of the victim, the lack of distribution, the purpose of the photographs, and the few times that Mr. Devoe requested and received images and videos. That conduct is different than the conduct criminalized by the State. So do not let conduct that justifies a lower sentence in federal court (acknowledging the mandatory minimum sentence set by Congress) prevent Mr. Devoe from having at least the possibility of early release. Maybe Mr. Devoe's conduct in custody will be such that he is denied parole. That decision, though, is better made by the parole board at the appropriate time. This court should not impose a sentence that would prohibit Mr. Devoe's release when 3553(a) factors favor a lower sentence.

### 3.5 Mr. Devoe's Performance On Pre-Trial Release Was Exemplary

There is another major reason for this to impose a lower sentence and that is Mr. Devoe's behavior on pre-trial release. Circuit courts have upheld lenient or less than guideline sentences when someone has performed exceptionally well on pre-trial release.[15]

---

[15] *U.S. v. Pepper,* 562 U.S. 476 (2011); *U.S. v. Autrey, supra* note 7. See also *U.S. v. Munoz-Nava,* 524 F.3d 1137, 1149 (19th Cir. 2008); *U.S. v. Baker,* 502 F.3d 465, 468 (6th Cir. 2007); *U.S. v. Nesbeth,* 188 F.Supp. 3d 179, 194 (E.D.N.Y. 2016).

Mr. Devoe was released in May, 2022, to pre-trial supervision, and was remanded in November 2024 at his change of plea in Alaska state court. The pre-sentence report notes that Mr. Devoe never tested positive for using drugs, nor did he have any violations.[16]

That, though, does not tell the entire story. Mr. Devoe used his time to go through a very intensive program aimed at self-improvement and preventing future issues. The program lasted over two (2) years and Mr. Devoe finished his program in October 2024. The program is not an easy one and the director of the program has previously filed a letter outlining the many hours that Mr. Devoe would work as part of the program.

Mr. Devoe is attaching to this sentencing memorandum letters from various people involved with Mr. Devoe over the past few years. They paint a far different picture than the picture painted by the offense conduct section of the pre-sentence report. Counsel is aware of courts' justified skepticism when people find religion while incarcerated and indeed, many people try to get a lesser sentence by claiming religious conversion.

Mr. Devoe's program and actions, though, are quite dissimilar from a defendant wanting a lower sentence because he "found Jesus" while in jail. First, one of the major aspects of his program has been fulltime employment. Mr. Devoe maintained full time employment during the program. Second, another major aspect was helping other people. The letter of Chaplain Bryan Dunfee describes how Mr. Devoe mentored and helped other people. He describes how Mr. Devoe helped Mr. Gilbert Nashookpook, an individual

---

[16] Docket 140, ¶¶ 5 and 6.

whose mental health and choices led to him being "considered incorrigible." Because of Mr. Devoe's work as Mr. Nashookpook's mentor, Mr. Nashookpook is now living safely and successfully in the general population for the first time in over a decade.

Chaplain Rudy Bosley's letter details the strict conditions he had to follow while on pre-trial release. Chaplain Bosley outlines his absence from the program for several months and his surprise when he came back at how well things were running, in large part because Mr. Devoe had stepped up and helped to run that program. When Mr. Devoe was remanded after his change of plea, he was accepted as a graduate mentor for other men in custody. Chaplain Bosley states that Mr. Devoe is in the top 5% of people who have come through that program, a program he has been involved with for almost thirty years.

Mr. Devoe's work in this program leads to him requesting that instead of being transferred to federal Bureau of Prisons custody, he would ask that he be designated to State custody so he can continue to mentor and work with men in the TLC program.

Mr. Devoe's time on supervised release has been beyond exemplary. It has been one of the best that Chaplain Bosley has seen and he has overseen literally thousands of men go through his program. His time has been more than just following the rules and staying out of trouble. His time has been spent helping and guiding others to avoid his own mistakes.

One key aspect of this program has been that Mr. Devoe has not shied away from admitting his mistakes or what he has done. He has stepped up and accepted responsibility for his actions. His conduct has been exemplary and this court should consider that as a reason to give him the sentence he requests.

*United States v. Devoe*
Case No. 3:20-cr-042-SLG
Sentencing Memorandum
Page 17 of 20

### 4. Conditions of Supervised Release

The pre-sentence report writer recommends a variety of conditions for Mr. Devoe's supervised release. He addresses some of them here.

He objects to the conditions that he be prevented from contacting children under 18 because of this offense, which are proposed conditions 12, 13, and 15. Mr. Devoe has already described above how he does not fit the profile of a pedophile. Further, in the State of Alaska and under federal law, a sexual relationship with a person who is 16 or older is legal. This proposed condition really makes no sense and infringes upon Mr. Devoe's right of association. It is over-broad and not reasonably related to Mr. Devoe's rehabilitation or protection of the community.

Mr. Devoe objects to the prohibition against him having a computer or computer-like device, proposed condition 7, as well as the prohibition against him from accessing the internet without the probation officer's approval. Mr. Devoe's rehabilitation and the community's protection can be assured by monitoring Mr. Devoe's computer. He does not object to the installation of computer monitoring software but prohibiting him from having a computer or computer-like device or even accessing the internet is again far too broad. That condition is appropriate for someone who goes online actively searching to view, download, or trade images of child sexual exploitation. That is not what Mr. Devoe did and prohibiting him from having a computer is not reasonably related to his rehabilitation or protection of the community.

Lastly, Mr. Devoe understand proposed probation condition 11, which prohibits him from having contact with his accuser, and Mr. Devoe does not object to that proposed condition per se but he would propose it be amended. A.R. is Mr. Devoe's daughter. When he is released, he will be in his 60s. She may want to have contact with him. She may not. Rather than just a blanket prohibition, Mr. Devoe would recommend that he be prohibited from having contact with A.R. unless she consents in writing to the contact and that such writing is provided to the government and the probation office.

5. PLACEMENT

Mr. Devoe would prefer to remain primarily in State custody that he may continue to assist the men and the program he's been associated with over the past several years. The parties have agreed to ask that Mr. Devoe's federal time run concurrently with his state time.

6. CONCLUSION

This is not a typical case involving manufacture of child pornography. The conduct falls far outside the heartland of offense conduct as the government has acknowledged in other circumstances. It happened only a few times and produced far fewer images that this court typically sees in cases of this type. Further, those images were not traded or distributed.

The State of Alaska has punished Mr. Devoe for the sexual conduct because that sexual conduct is not proscribed under federal law. This court should impose a sentence of

one hundred eighty (180) months followed by fifteen (15) years of supervised release subject to appropriate conditions.

DATED this 19th day of March, 2025, at Anchorage, Alaska.

Steven M. Wells, PC
Attorneys for Defendant

By:     _/s/ Steven M. Wells_____
Steven M. Wells
ABA #0010066

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served **via CM/ECF** this 19th day of March, 2024, on:

All Parties of Record

_/s/ Steven M. Wells_____.
Steven M. Wells, PC